

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2006

# Evangelista v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2985

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Evangelista v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1243.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1243

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 05-2985

LOUIS EVANGELISTA,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

ON PETITION FOR REVIEW OF ORDERS
OF THE BOARD OF IMMIGRATION APPEALS
(INS No. A12 352 319)
REAL ID ACT TRANSFER FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2006

Before:  SLOVITER, AMBRO and MICHEL[*], Circuit Judges

(Filed: April 19, 2006 )

OPINION

_____

[*] Hon. Paul R. Michel, Chief Judge of the United States
Court of Appeals for the Federal Circuit, sitting by
designation.

MICHEL, Circuit Judge.

Louis Evangelista petitions for review of the January 19, 2005 decision of the Board of Immigration Appeals ("BIA" or "Board"), denying his motion for reconsideration of the Board's October 14, 2004 decision denying a motion to reopen his removal case. Because we find that petitioner's motion for reconsideration was properly denied pursuant to 8 C.F.R. § 1003.2(c)(2), we deny the petition for review.

Evangelista immigrated from Italy to the United States on or about October 26, 1961. In December 1994, Evangelista and various members of his family were indicted in the United States District Court of the Eastern District of New York and charged with (1) conspiracy to impede the IRS in collection of federal income and payroll taxes in violation of 18 U.S.C. § 371; (2) failure to pay income/FICA taxes in violation of 26 U.S.C. § 7202; and (3) attempt to evade or defeat tax in violation of 26 U.S.C. § 7201. He pled not guilty on February 28, 1996. On October 29, 1996, a jury convicted him on all counts. He was sentenced to a term of imprisonment of 51 months, which he began serving after his conviction was upheld on appeal, United States v. Evangelista, 122 F.3d 112 (2d Cir. 1997), cert. denied, 522 U.S. 1114 (1998).

On April 14, 1999, the Immigration and Naturalization Service (now part of the Department of Homeland Security) filed a Notice to Appear, charging that Evangelista was subject to removal as an aggravated felon pursuant to Section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because the revenue lost to the government ($335,830)

exceeded $10,000.  On April 11, 2000, the Immigration Judge ("IJ") rendered a decision finding petitioner removable and not eligible for a waiver of deportability under former Section 212 (c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c).[1]  His motion for reconsideration was denied on June 2, 2000.  The BIA affirmed on October 25, 2000.

On September 13, 2001, Evangelista filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of New York.  On November 22, 2002, his habeas petition was dismissed.  Evangelista v. Ashcroft, 232 F. Supp.2d 30 (E.D.N.Y. 2002).  Judge Leonard D. Wexler rejected Evangelista's arguments that he was not an aggravated felon within the meaning of the statute and that he remained eligible for discretionary relief under former Section 212(c).  Judge Wexler distinguished petitioner's situation from a case where an individual accepted a plea agreement in reliance on his continued eligibility for relief from deportation under Section 212(c).  Id. at 36.  Compare

---

[1]  Under former Section 212(c), an alien who had been a lawful permanent resident for at least seven years could request discretionary relief from deportation, even if convicted of an aggravated felony, as long as the term of imprisonment served was less than five years.  On April 24, 1996, the passage of Section 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") rendered all aggravated felons ineligible for relief under Section 212(c), regardless of the length of time served.  Shortly thereafter, on September 30, 1996, Section 212(c) was repealed by Section 304 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") and replaced with "cancellation of removal" proceedings, which are not available to aggravated felons, as set forth in Section 240A, 8 U.S.C. § 1229b.

St. Cyr v. INS, 229 F.3d 406, 418 (2d Cir. 2000) (finding it impermissible to retroactively apply the bars to Section 212(c) relief to individuals who pled guilty or nolo contendere before the enactment of Section 440(d) of AEDPA and Section 304 of IIRIRA), aff'd., 533 U.S. 289 (2001), with Domond v. INS, 244 F.3d 81 (2d Cir. 2001) (finding an individual whose criminal conduct took place prior to the statutory changes, but pled guilty afterwards, not entitled to a Section 212(c) hearing).

On February 23, 2004, the United States Court of Appeals for the Second Circuit affirmed, finding Rankine v. Reno, 319 F.3d 93, 102 (2d Cir. 2003) – which held that the repeal of Section 212(c) did not have an impermissibly retroactive effect when applied to an alien who pled not guilty, proceeded to trial and was convicted of an aggravated felony before the passage of AEDPA or IIRIRA, but was facing removal proceedings initiated thereafter – directly on point. Evangelista v. Ashcroft, 359 F.3d 145 (2d Cir. 2004), cert. denied, 543 U.S. 1145 (2005). The court reasoned that, unlike a guilty plea, which would have immediately rendered the petitioner deportable, going to trial was "a decision that, standing alone, had no impact on [his] immigration status," such that he could not have been acting in reliance on any anticipated discretionary relief that could have been available under Section 212(c). Id. at 155. Indeed, because Evangelista was convicted after the passage of AEDPA and IIRIRA, the court found the reasoning of Rankine even more applicable. Id. at 155, n.3.

4

In August 2004, Evangelista filed a motion asking the BIA to reopen his case in light of the recent holdings in Restrepo v. McElroy, 369 F.3d 627 (2d Cir. 2004) and Ponnapula v. Ashcroft, 373 F.3d 480 (3d Cir. 2004). On October 14, 2004, his motion was denied as untimely pursuant to 8 C.F.R. § 1003.2(c)(2). The Board also found that reopening the case on its own motion was not warranted because, on the merits, Evangelista had failed to establish that he would have been eligible to file an "affirmative" application for Section 212(c) relief or that he had rejected a misdemeanor plea agreement in reasonable reliance that he would thereby be eligible for relief from deportation, even if convicted.

On November 10, 2004, Evangelista filed a motion to reconsider, submitting various affidavits as evidence that he had rejected a plea agreement. On January 19, 2005, the Board denied the motion because, although labeled a motion to reconsider, it failed to allege any errors of law or fact in the prior decision based on the evidence that was previously presented. Indeed, since new evidence was presented, it was more properly characterized as a motion to reopen. As only one such motion was allowed under 8 C.F.R. § 1003.2(c)(2) and Evangelista had already filed one earlier, the Board denied the motion on this basis as well.

On May 6, 2005, Evangelista filed another petition for writ of habeas corpus, this time in the United States District Court for the Eastern District of Pennsylvania, seeking

review of the Board's decisions of October 14, 2004 and January 19, 2005. On June 9, 2005, the action was transferred to this court pursuant to the REAL ID Act.

The parties focus exclusively on the merits of whether Evangelista is (or should be) eligible for Section 212(c) relief, including the subsidiary question of whether his current habeas petition is barred by the Second Circuit's denial of his earlier habeas petition under the doctrines of res judicata or collateral estoppel. They completely ignore the dispositive issue.

The BIA denied Evangelista's motion to reopen as <u>untimely</u> pursuant to 8 C.F.R. § 1003.2(c)(2). Petitioner does not dispute that his August 2004 motion was not filed within 90 days of the final administrative decision rendered in the proceeding sought to be reopened. Thus, insofar as the Board was denying a motion filed under this section, we must affirm its order of October 14, 2004. Because 8 C.F.R. § 1003.2(c)(2) further provides that "a party may file only one motion to reopen deportation or exclusion proceedings," Evangelista's second motion to reopen was also properly rejected by the Board's order of January 19, 2005.

To the extent that Evangelista was requesting a <u>sua</u> <u>sponte</u> reopening or reconsideration of the case, the decision to grant or deny such a request is "within the discretion of the Board." 8 C.F.R. § 1003.2(a). No abuse of discretion has been shown. The Board correctly noted that, even if it were to reconsider the case in light of <u>Restrepo</u> and <u>Ponnapula</u>, Evangelista had failed to establish that his factual circumstances were

6

similar.  Even the newly-submitted affidavits appended to his November 2004 motion do not demonstrate that, like the petitioner in Ponnapula, he rejected a misdemeanor plea agreement (which would have carried no immigration consequences) in reliance of his anticipated eligibility for relief under Section 212(c) if he was later convicted of a felony.

For the aforementioned reasons, we deny the petition.